MURRAY, J.,
Dissents and Assigns Reasons.
IU would reverse the trial court’s decision because, just as in Landiak v. Richmond, 2005-0758 (La.3/3//05), 899 So.2d 535, in the instant case the defendant, Ms. Juneau, failed to overcome the overwhelming documentary and objective evidence that cast doubt upon her testimony that she had, by July 9, 2009, changed her domicile from 61401 St. Charles Drive in St. Tammany Parish to a trailer located at 2725 Delacroix Highway in St. Bernard Parish.
As the Louisiana Supreme Court noted in Landiak, “[Djomicle consists of two elements: residence and intent to remain.” 2005-0578 at p. 9, 899 So.2d at 542 (citations omitted). Although a person can have several residences, at any given time he can have only one domicile. Id. at p. 8, 899 So.2d at 542. When, as here, a person has not made a formal declaration of his intention regarding domicile in the manner prescribed by the Civil Code,[1] proof of that intention depends upon the circumstances. Id. at p. 9, 899 So.2d at 542. The Supreme Court continued:
|gThus, determination of a party’s intent to change his or her domicile must be based on the actual state of the facts, not simply on what the person declares them to be. “The expressed intent of the party may be at variance with the intent as evidenced by conduct.” “Each case is unique and the courts attempt to arrive at the true intent, whether express or implied.”
* * * * *
The case law regarding domicile reveals that Louisiana courts commonly consider a number of different factors when trying to determine domicile in fact. Since domicile is generally defined as residence plus intent to remain, a party’s uncontroverted testimony regarding his intent may be sufficient to establish domicile, in the absence of any documentary or other objective evidence to the contrary. The same might be said when a person specifically declares his intent pursuant to La. Civ.Code art. ⅛2. However, in the absence of a formal declaration, when documentary or other objective evidence casts doubt on a person’s statements regarding intent, it is incumbent on courts to weigh the evidence presented in order to determine domicile in fact. Otherwise, the legal concept of domicile is meaningless and, every person would be considered legally domiciled wherever he says he is domiciled.
Id., pp. 9-11, 899 So.2d at 543-544 (Citations omitted; emphasis supplied).
Considering all the evidence, both documents and testimony, I agree with the trial court’s finding that Ms. Juneau unquestionably established domicile in St. Bernard Parish as of February, 2010. However, as the trial court acknowledged, the real dispute in this case concerns the period of time between June, 2009 and February, 2010. Some of the types of documentary evidence typically considered by courts to determine domicile in fact include such things as voter registration, homestead exemptions, vehicle registration records, driver’s license address, statements in notarial acts, and evidence that most of the person’s property is housed at that location. Landiak, supra, pp. 10-11, 899 So.2d at 543-544. Obviously, the more of these items that are submitted by the par *201 ty opposing candidacy in a given case to show lack of domicile in the district, the more difficult it will be for the candidate to overcome the plaintiffs evidence. Id., p. 11, 899 So.2d at 544. In the instant case, the plaintiffs presented a plethora of documentary evidence indicating that at the relevant time, whether that be July 9, 2009 or | ..October 2, 2009, Ms. Juneau had not yet changed her domicile from St. Tammany Parish.[2] Those documents included:
(1) Voter registration — Ms. Juneau was registered at her St. Charles Drive address in St. Tammany until February 11, 2010, when she changed it to the Pakenham address;
(2) Driver’s license — Ms. Juneau’s license bore the St. Charles Drive address until February 11, 2010, when she changed it to the Pakenham address;
(3)Vehicle registration — Ms. Juneau’s personal vehicle was registered in St. Tammany until February, 2010;
(4) Homestead exemption — Ms. Juneau had her homestead exemption on the St. Charles Drive property removed in November, 2009 and took no exemption for that year;
(5) Notarized documents — -In December, 2009, at the time Ms. Juneau and her husband purchased the property on Pakenham, she signed multiple notarized documents (two powers of attorney, mortgage, act of sale, application for building permit to renovate property) averring that she lived in St. Tammany Parish;
(6)Attorney registration statement— Ms. Juneau’s registration statement required by the Louisiana State Bar Association showed her residence in St. Tammany until May, 2010.
In addition, the plaintiffs presented evidence that Ms. Juneau’s young children attended school in St. Tammany; she was registered as a parishioner at a Catholic |4Parish in St. Tammany; she kept many of her belongings in St. Tammany with her family; and she did not receive any mail at the Delacroix Highway address. In the face of this evidence, Ms. Juneau nevertheless testified that from June, 2009, through February, 2010 (when her cousin’s trailer was moved to the Pakenham property) she both resided at and intended for her domicile to be 2725 Delacroix Highway in St. Bernard.
Despite the absence of a single document or objective piece of evidence showing the Delacroix Highway address, the trial judge found, based upon the uncon-troverted testimony of six witnesses (Ms. Juneau’s three cousins, her husband, her best friend and her paralegal) that Ms. Juneau did maintain a residence on Delacroix Highway, where she stayed three or four nights per week, between June, 2009 and February, 2010. I find no manifest error in this determination. However, as the trial court also noted, residence is only one prong of the test for domicile, with the second prong being the intent to remain.
Addressing this issue, the trial judge stated on the record: “Ms. Juneau did *202 certain things that evidence her intent to remain.” He then listed the factors he considered to be “the more salient ones,” namely:
She rejected the homestead exemption. She registered to vote in St. Bernard and did, in fact, vote in an election in St. Bernard. She actually bought a piece of property in St. Bernard on Pakenham.
What the trial court apparently failed to consider, however, is when Ms. Juneau did these things. According to the record, none of these actions was taken before November, 2009. Therefore, they are not evidence that Ms. Juneau possessed the requisite intent on July 9, 2009, which according to the Election Code is the date by which she must have been domiciled in St. Bernard to meet the qualifications for the judicial office she seeks. I believe the trial court erred by relying on these subsequent events to establish Ms. Juneau’s intent.
15Without the retroactive application of these events, the only evidence to establish intent is Ms. Juneau’s own testimony that she intended in June, 2009, to change her domicile to St. Bernard Parish. In my view, the crux of this case is whether her testimony alone is sufficient to rebut the wealth of documentary and objective evidence to the contrary put forth by the plaintiffs. Based upon Landiak, I must conclude that it is not. In that case, the Supreme Court held that the uncontrovert-ed testimony of the candidate and his immediate family was not sufficient to overcome documentary evidence consisting of notarized notice of candidacy forms, voter registration cards, homestead exemptions, motor vehicle registrations, telephone directory entries, candidate’s reports, a conveyance record and a police report. 2005-0578 at p. 2, 899 So.2d at 538. I note that in the instant case, the objective evidence is even more compelling.
In Landiak, the Court noted that, because Louisiana law recognizes a legal presumption against change of domicile, a party seeking to show a change in domicile must overcome that presumption by presenting “positive and satisfactory proof of establishment of domicile as a matter of fact with the intent of remaining in the new place and abandoning the former domicile.” Id. at p. 16, 899 So.2d at 547 (Citations omitted). Moreover, as the Court recognized:
There is no legitimate conflict in testimony where documents or objective evidence so contradict the witness’s story, or the story presented by the witness is so internally inconsistent or implausible on its face, that a reasonable fact-finder could not give credence to the witness’s testimony. Face with such circumstances, the court of appeal may find manifest error or clear wrongness even in a finding reportedly based upon a credibility determination.
Id. at p. 19-20, 899 So.2d at 549 (Citations omitted).
I see no real distinction between this case and Landiak with regard to proof of intent to change domicile. As the Supreme Court noted: “[Djetermination of a party’s intent to change his or her domicile must be based on the actual state of the facts, not simply on what the person declares them to be.” Landiak, 2005-0758, p. 9, 899 So.2d at 543 (Citations omitted; emphasis supplied). In the instant case, Ms. Juneau, a lawyer by profession, obviously knew what positive steps she had to take to establish a change of domicile; she just did not take them soon enough to comply with the election law.
For the reasons cited, I conclude the trial court committed manifest error by finding that Ms. Juneau was domiciled in St. Bernard Parish for at least one year prior to qualifying as a candidate for the *203 appellate judgeship she seeks. Accordingly, I would reverse the trial court’s judgment. On this basis I respectfully dissent.

. See La. C.C. art. 45.

. The trial court apparently applied La. R.S. 18:451, which provides "[i]n the event that the qualifications for an office include a residency or domicile requirement, a candidate shall meet the established length of residency or domicile as of the date of qualifying, notwithstanding any other provision of law to the contrary." We recognize, however, that La. Const. Art. V, § 24 provides that a candidate for the office of Circuit Judge for the court of appeal must be domiciled in the respective district for at least one (1) year prior to the date of the election. Regardless of whether the applicable date is July 9, 2009 (one year prior to qualifying) or October 2, 2009 (one year prior to the election), I find that Ms. Juneau failed to establish her intent to change her domicile within sufficient time to become a candidate for the judgeship she seeks.